IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

KAJEET, INC.,

    Plaintiff,

v.

LUMEN TECHNOLOGIES, INC.,

    Defendant.

Case No.: 6:21-cv-705

JURY TRIAL DEMANDED

## DEFENDANT CENTURYLINK COMMUNICATIONS, LLC'S
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant CenturyLink Communications, LLC d/b/a Lumen Technologies Group ("Defendant" or "Lumen") files this Original Answer to Plaintiff's Original Complaint ("Complaint") and respectfully shows the Court as follows.

Pursuant to the Order entered October 14, 2021, Lumen Technologies, Inc. was dismissed without prejudice from this action and CenturyLink Communications, LLC d/b/a Lumen Technologies Group was substituted as a defendant in this matter. Accordingly, CenturyLink Communications, LLC d/b/a Lumen Technologies Group answers the Original Complaint as if the Original Complaint were originally directed towards it as defendant in this action.

Lumen denies that Plaintiff is entitled to the relief requested, or any other relief. Lumen further denies each and every allegation contained in the Complaint, except as expressly stated below. Any factual allegation in the Complaint is admitted below only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the facts as admitted.

### PARTIES

1. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies the same.

2. Lumen admits that it is has a principal place of business in Monroe, Louisiana. Lumen

admits that it may be served with process c/o CT Corporation. Lumen denies all other allegations of Paragraph 2.

## JURISDICTION AND VENUE

3. Lumen admits that the Complaint purports to state an action for patent infringement under Title 35 of the United States Code. Lumen admits that this Court has subject matter jurisdiction over patent infringement actions pursuant to 28 U.S.C. §§ 1331 and 1338(a). Lumen denies that the Complaint states a valid cause of action of patent infringement against Lumen.

4. Lumen admits that it maintains a place of business at 11902 Burnet Rd., Austin, Texas 78758. Lumen denies all other allegations of Paragraph 4.

5. Lumen does not contest that venue is proper in this district pursuant to 28 U.S.C. §1400(b). Lumen denies that it has caused any injury to Plaintiff in this District, or that any cause of action has risen in this District. Lumen denies all other allegations of Paragraph 5.

6. Lumen does not contest that it is subject to the Court's general personal jurisdiction, but Lumen denies that it has caused any injury to Plaintiff in this District, or that any cause of action has arisen in this District. Lumen denies all other allegations of Paragraph 6.

7. Lumen does not contest that it is subject to the Court's general personal jurisdiction and that venue is proper in this district pursuant to 28 U.S.C. §1400(b). Lumen denies that it has caused any injury to Plaintiff in this District, or that any cause of action has risen in this District. Lumen denies all other allegations of Paragraph 7.

## BACKGROUND AND FACTS

8. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore denies the same.

9. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and therefore denies the same.

10. Lumen is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 10 of the Complaint, and therefore denies the same.

11. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore denies the same.

12. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and therefore denies the same.

13. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and therefore denies the same.

14. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore denies the same.

15. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore denies the same.

16. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and therefore denies the same.

17. Lumen admits that the quoted text in Paragraph 17 appears in U.S. Patent No. 8,667,559 ("the '559 Patent") without emphasis. Lumen denies the remaining allegations in Paragraph 17.

18. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and therefore denies the same.

19. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and therefore denies the same.

20. Lumen admits that it is an Internet Service Provider that provides hardware and associated Internet communication services to residential customers under the brand name CenturyLink. Lumen denies the remaining allegations in Paragraph 20.

21. Lumen admits that Kajeet accuses "all of its Internet services that include its Parental Controls as well as the Modem devices that is supplies to its customers and its MyCenturyLink App"

of infringing the '559 Patent. Lumen denies the remaining allegations in Paragraph 21.

22. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and therefore denies the same.

23. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and therefore denies the same.

24. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, and therefore denies the same.

25. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and therefore denies the same.

26. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint, and therefore denies the same.

27. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint, and therefore denies the same.

28. Lumen admits that it was made aware of the '559 Patent at least as of the service of the Complaint. Lumen denies the remaining allegations in Paragraph 28.

## COUNT 1

## PATENT INFRINGEMENT: U.S. Patent No. 8,667,559 B1

29. Lumen incorporates by reference its answers to Paragraphs 1-28 as if fully set forth herein.

30. Lumen denies the allegations of Paragraph 30.

31. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint, and therefore denies the same.

32. Lumen is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint, and therefore denies the same.

33. Lumen denies the allegations of Paragraph 33.

34. Lumen denies the allegations of Paragraph 34.

35. Lumen denies the allegations of Paragraph 35.

36. Lumen denies the allegations of Paragraph 36.

37. Lumen denies the allegations of Paragraph 37.

38. Lumen denies the allegations of Paragraph 38.

39. Lumen denies the allegations of Paragraph 39.

40. Lumen denies the allegations of Paragraph 40.

41. Lumen denies the allegations of Paragraph 41.

42. To the extent the allegations of Paragraph 42 state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Lumen denies that there is any merit to Kajeet's allegations of patent infringement.

43. Lumen denies the allegations of Paragraph 43.

44. Lumen denies the allegations of Paragraph 44.

## JURY DEMAND

45. Plaintiff demands a jury trial, which requires no answer from Lumen.

## PRAYER FOR RELIEF

Lumen denies that Plaintiff is entitled to any of the relief sought in the Complaint. Plaintiff's prayer therefore should be denied in its entirety and with prejudice. To the extent not expressly addressed above, the factual allegations in the Complaint are denied.

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST DEFENSE

### (Non-infringement of the Patent-in-Suit)

Lumen does not and will not infringe any valid claim of the '559 Patent, either literally or under the doctrine of equivalents.

## SECOND DEFENSE

## (Invalidity of the Patent-in-Suit)

The claims of the Patent-in-Suit are invalid for failing to meet a condition for patentability set forth in 35 U.S.C § 1 et seq. By way of example and not of limitation, one or more of the claims of the Patent-in-Suit are invalid under 35 U.S.C §§ 101 (patentable subject matter), 102 (novelty/on-sale bar), 103 (obviousness), and 112.

## THIRD DEFENSE

## (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

## (Prosecution History Estoppel)

Plaintiff's alleged causes of action are barred, in whole or in part, by prosecution history estoppel, as Plaintiff is estopped from construing the claims to cover or include, either literally or by application of the doctrine of equivalents, products manufactured, used, imported, sold, or offered for sale by Lumen, or methods used by Lumen, because of admissions and statements to the United States Patent and Trademark Office during prosecution of the applications that led to the issuance of the Patent-in-Suit and/or limitations in the claims of the Patent-in-Suit.

## FIFTH DEFENSE

## (Limitation on Damages and Costs)

Plaintiff's claims for relief and damages are limited by 35 U.S.C. §§ 286 and 287. Plaintiff's recovery of costs is limited under 35 U.S.C. § 288.

## SIXTH DEFENSE

## (Equitable Defenses)

Plaintiff's alleged causes of action are barred, in whole or in part, by the equitable doctrines of unclean hands, estoppel, laches, acquiescence, waiver, and/or any other equitable remedy.

Plaintiff is also barred by issue preclusion from reasserting or altering its, or its predecessor-in-interest's, positions on factual and legal issues that were previously adjudicated.

## SEVENTH DEFENSE

### (Exhaustion)

Plaintiff is barred by the doctrine of patent exhaustion from enforcing the '559 Patent.

## RESERVATION OF DEFENSES

Lumen reserves the right to assert additional defenses as may be warranted by discovery or further factual investigation in this action.

Dated: October 21, 2021

|  | Respectfully submitted, <br><br> */s/ Kevin E. Cadwell* <br> Kevin E. Cadwell <br> Texas Bar No. 24036304 <br> kcadwell@cadwellclontsreeder.com <br> David R. Clonts <br> Texas Bar No. 04403700 <br> dclonts@cadwellclontsreeder.com <br> Lisa M. Thomas <br> Texas Bar No. 24079455 <br> lthomas@cadwellclontsreeder.com <br> CADWELL CLONTS & REEDER LLP <br> 5373 W. Alabama St., Suite 457 <br> Houston, TX 77056 <br> Telephone: (713) 360-1560 <br> Facsimile: (940) 233-8587 <br><br> *Attorneys for Defendant* |
|---|---|

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 21, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

EXECUTED this 21st day of October, 2021 at Houston, Texas.

*/s/ Kevin E. Cadwell*
Kevin E. Cadwell